## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

**UNITED STATES OF AMERICA**              **CASE NO. 3:19-CR-00002-01**
                                                                    **& 3:18-CR-00033-01**

**VERSUS**                                              **JUDGE TERRY A. DOUGHTY**

**SEDONNIA BASS**                               **MAG. JUDGE KAYLA D. MCCLUSKY**

### MEMORANDUM ORDER

Before the Court is Defendant Sedonnia Bass's ("Bass") *pro se* Motion for Compassionate Release [Doc. No. 28]. An Opposition [Doc. No. 31] was filed by the United States of America (the "Government"). No reply was filed by Bass.

For the reasons set forth below, Bass's Motion is **DENIED**.

### I.      BACKGROUND

On April 2, 2009, in the Middle District of Florida, Bass was charged in a two-count indictment with (1) Conspiracy to Possess with Intent to Distribute over 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846; and (2) Possession with Intent to Distribute over 500 grams of a mixture or substance containing methamphetamines, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. § 2.[1] On July 16, 2009, the Government filed a superseding bill of information for 50 grams of methamphetamine,[2] and Bass later pled guilty to the bill of information.[3] On March 25, 2010, the Court imposed a term of imprisonment of 120 months, a term of supervised release of 60 months, and payment of a special assessment of $100.[4]

Bass's case was transferred to the Western District of Louisiana on January 30, 2018.[5] On January 9, 2019, Bass was indicted in the Western District of Louisiana for one count of Possession with Intent to Distribute 50 or more grams of methamphetamine.[6] Bass pled guilty on March 27, 2019.[7] On July 1, 2019, Bass's supervised release was revoked, and she received a 15-month

---

[1] [Doc. No. 31, p. 2].
[2] [Id.].
[3] [Id.].
[4] [Id.].
[5] [Id.].
[6] [Id.].
[7] [Id.].

sentence on the revocation and no additional supervised release, making her sentence 120 months.[8] Bass is currently serving both sentences aggregately for a total sentence of 135 months.[9]

Bass filed the pending Motion for Reduction of Sentence on December 16, 2024.[10] She seeks a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) 'Compassionate Release,' based upon an alleged sexual assault committed upon her while in custody, while also pointing to her health issues, and post-conviction behavior.[11]

The Government opposes the Motion and relies on four counterpoints.[12] First, the Government alleges that Bass has not exhausted her administrative remedies before filing her motion, as required by the First Step Act of 2018 ("FSA").[13] Alternatively, the Government argues that even if Bass exhausted her administrative remedies, the Court should dismiss the Motion because the alleged perpetrator of the sexual assault was not a person with custody over Bass, and because the alleged sexual assault has not been adjudicated.[14] Next, the Government argues that Bass has shown no basis in her health, or her post-conviction conduct to warrant compassionate release.[15] Finally, the Government maintains that reducing Bass's sentence would be inconsistent with the factors considered under 28 U.S.C. § 3553(a).[16]

The issues have been briefed, and the Court is prepared to rule.

## II.    LAW & ANALYSIS

### A.  Legal Standard

A motion for reduction of sentence is commonly referred to as a motion for compassionate release under the FSA. *United States v. Gonzales*, 850 Fed. App'x 309 (5th Cir. 2021). A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010) (cleaned up). Additionally, courts may not modify a term of imprisonment once it has been imposed, unless (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and (3) where the defendant was sentenced based on a retroactively

---

[8] [Id.].
[9] [Id., p. 3].
[10] [Doc. No. 28].
[11] [Id.].
[12] [Doc. No. 31].
[13] [Id., p. 4-5].
[14] [Id., pg. 5-6].
[15] [Id., p. 6-8].
[16] [Id., p. 8-9].

lowered sentencing range. 18 U.S.C. § 3582(c). Under § 3582(c)(1)(A), a court may reduce a term of imprisonment upon finding "extraordinary and compelling circumstances," consistent with applicable guideline policy statements.

### B. Administrative Remedies

Before the Court considers reducing a defendant's imprisonment term, the defendant must exhaust all administrative remedies. 18 U.S.C. § 3582(c)(1)(A). The defendant must first present his request to the Bureau of Prisons ("BOP"), which permits it to evaluate the defendant's current circumstances. *United States v. Franco,* 973 F.3d 465, 468 (5th Cir. 2020). In other words, until the defendant has exhausted all administrative remedies, the Court lacks jurisdiction to consider the motion. *See United States v. Garcia*, 606 F. 3d 209, 212 n. 5 (5th Cir. 2010) ("The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. §1582."). Further, the exhaustion requirements are mandatory and cannot be waived by the defendant or this Court. *United States v. Koons,* 455 F. Supp. 3d 285, 289 (W.D. La. 2020).

### C. Bass's Motion

Bass alleges that she has sufficiently exhausted all administrative remedies after giving notice to her warden more than thirty (30) days before filing her Motion with this Court. However, the claims she brought to the BOP differed from the reasons pled in her Motion. Bass's administrative filing to the BOP stated that she "got pregnant by another inmate while being a trustee working the hall, and that she was requesting compassionate release to go home and care for her son."[17] In other words, Bass's administrative filing asserted "family circumstances" like care of a minor child under U.S.S.G. § 1B1.13(b)(3) as grounds for compassionate release.

In contrast, Bass's Motion states that "the BOP failed to protect her from sexual assault by another inmate."[18] Thus, Bass's Motion requests compassionate release for being a victim of "sexual abuse" under § 1B1.13(b)(4)(A). But Bass made no mention of being a victim of sexual abuse in her administrative filing to the BOP. In essence, the legal grounds she brought to the BOP are not the same pleaded in her Motion.

Since Bass never brought her allegations of sexual abuse before the BOP, the administrative process to adequately adjudicate her claims and determine the facts is absent. And in failing to ask

---

[17] [Doc. No. 31-1].
[18] [Doc. No. 28, p. 4].

the BOP for release on the same grounds in her Motion before this Court as in her administrative

filings, she has failed to exhaust her administrative remedies properly. Consequently, the Court

must enforce the rule mandated by Congress and deny Bass's Motion.

**CONCLUSION**

For the reasons stated above, Bass's *pro se* Motion for Compassionate Release [Doc. No. 28]

is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

MONROE, LOUISIANA, this 5th day of March 2025.

Terry A. Doughty
United States District Judge